1  Hua Chen (SBN 241831)
   *huachen@scienbizippc.com*
2  ScienBiziP, P.C.
3  550 South Hope Street, Ste. 2825
   Los Angeles, CA 90071
4  Tel:   213.426.1771
5  Fax:   213.426.1788

6  Attorney for Plaintiff
7  Zhejiang Ningbo M&C Supply Chain Management
   Co., LTD.
8

9             UNITED STATES DISTRICT COURT
10       CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
11

12 | Zhejiang Ningbo M&C Supply Chain | Case No.   5:23-cv-00163
13 | Management Co., LTD., a People's
   | Republic of China Corporation,    | **VERIFIED COMPLAINT FOR:**
14 |
15 |                Plaintiff,         | 1. **RECOVERY OF POSSESSION OF PERSONAL PROPERTY**
16 | v.                                | 2. **CONVERSION**
17 |                                   | 3. **BREACH OF FIDUCIARY DUTIES**
   | SHAREPAC, INC., a California
18 | Corporation, ZHI XIONG XU, a      | 4. **BREACH OF CONTRACT**
   | natural person, ZHI BIAO XU, a    | 5. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
19 | natural person, and DOES 1-10,
20 |
   |                Defendants.        | **JURY TRIAL DEMANDED**
21
22
23
24
25
26
27
28

                                                                    **COMPLAINT**
                                    - 1 -

WHEREFORE, Plaintiff, ZHEJIANG NINGBO M&C SUPPLY CHAIN MANAGEMENT CO., LTD., ("M&C") by and through its attorneys, ScienBiziP, P.C., for its Complaint against Defendants SHAREPAC, INC., ("Sharepac") ZHI XIONG XU, ZHI BIAO XU, and DOES 1-10, alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), in that this is a civil action between citizens of California and citizens of the People's Republic of China, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant SHAREPAC resides in this district and all defendants reside in CALIFORNIA, under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and under 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district.

## PARTIES

3. Plaintiff is a corporation that is incorporated in the People's Republic of China.

**COMPLAINT**

4. Upon information and belief, Defendant Sharepac is, and at all times mentioned herein was, a California Corporation, duly incorporated, organized, registered, and authorized to do business in the State of California since on or about July 22, 2013.  Sharepac operates, at all times herein mentioned, a warehouse having a business address at 2455 E. Francis St. Ontario, CA 91761.  Defendant ZHI XIONG (Vinny) XU is the designated agent for service of process at the address of 2555 Camino Del Rio S. #101, San Diego, CA 92108.

5. Defendant ZHI XIONG (Vinny) XU is, and at all times mentioned herein was, a natural person. Upon information and belief Mr. Vinny Xu is, and at all times alleged herein was, a resident of the County of San Diego, California and conducts business in Southern California.

6. Defendant ZHI BIAO (Billy) XU is, and at all times mentioned herein was, a natural person.  Upon information and belief, Mr. Billy Xu is and at all times alleged herein was, a resident of the County of San Diego, California and conducts business in Southern California.

7. Upon information and belief, Defendants Billy Xu and Vinny Xu are brothers (collectively the "Defendant Xu Brothers").

8. Plaintiff is presently unaware of the true names, identities, or capacities, whether individual, corporate, associate, or otherwise of those defendants sued herein as DOES 1 through 10, inclusive, and sues said defendant by such fictitious names. Plaintiff will ask leave to amend this Complaint to set

forth the true name(s) when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that said defendants, and each of them, are in some way responsible for the acts, events and occurrences complained of herein, and proximately caused the Plaintiff's damages set forth herein.

## ALTER EGO ALLEGATIONS
### (Defendants are Jointly and Severally Liable Because Defendants are Alter Egos)

9. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each Defendant was the agent of each of the remaining Defendants and/or DOE defendants and, in doing the things hereinafter alleged, was the agent, the partner, alter ego, and/or the employee of the co-Defendant and/or DOE defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency, partnership, alter ego, and/or employment with the permission and/or the consent of its co-Defendants and/or DOE defendants. All Defendants, and each of them, are vicariously and directly liable for the acts and omissions of each and every remaining defendant.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendant Sharepac was the alter egos of Defendant Xu Brothers, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Sharepac and the Xu Brothers such that any separateness between them has ceased to exist. Plaintiff is informed and believes and thereon alleges that Defendant Billy Xu is, at all times alleged herein, the chief executive

officer, chief financial officer, and the secretary of Defendant Sharepac. Plaintiff is informed and believes and thereon alleges that the Xu Brothers completely controlled, dominated, managed, and operated Sharepac and other Defendants to suit their convenience.

11. Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant Xu Brothers (1) controlled the business and affairs of Defendant Sharepac; (2) commingled the funds and assets, and diverted corporate funds and assets for their own personal use; (3) disregarded legal formalities and failed to maintain adequate corporate records; (4) inadequately capitalized Sharepac; and (5) used the corporate entity as a mere shells, instrumentalities or conduits for themselves.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant thereto, Defendant Sharepac was not only influenced and controlled by Defendant Xu Brothers, but there was such a unity of interest and ownership that the individuality, or separateness, of the Xu Brothers and Defendant Sharepac has ceased, and that the facts are such that an adherence to the fiction of the separate existence of these entities would, under the particular circumstances, sanction a fraud or promote injustice. Plaintiff is informed and believes and thereon alleges that Defendant Xu Brothers have caused goods at Sharepac's warehouse to be moved to a different location.

# FACTS

13. Plaintiff is an agent performing logistics services on behalf of its Chinese customers such as arranging for ocean shipment, subcontracting with U.S. warehouseman, managing warehouse inventory, and coordinating ecommerce order fulfilment and delivery.

14. Defendants are in the business of providing warehousing services. Defendants operate at least one warehouses located at 2455 E. Francis St., Ontario, CA 91761, California (the "Ontario Warehouse").

15. Plaintiff has subcontracted Defendants for providing U.S. warehousing services to its customers since 2020. Defendants followed Plaintiff's instructions and provided services including receiving shipment, shelving and storing Plaintiff customers' goods in the Warehouse, and shipping the goods from the Warehouse to fulfill ecommerce orders pursuant to Plaintiff's instructions executed on behalf of Plaintiff's customers.

16. Defendants' warehousing fees are comprised of (a) receiving including unloading shipment, inspecting shipment, and shelfing the goods, (b) storing the goods, (c) shipping including removing goods from shelf, labeling for outbound shipping, and paying carrier for shipment, and (d) miscellaneous charges or debits. The Parties performed monthly reconciliations to settle the warehousing and service fees the Plaintiff or Plaintiffs customers owed to the Defendants. Such monthly reconciliation comprised of preparing, exchanging,

and verifying monthly accounting spreadsheets containing both summary of the monthly charges as well as supporting details.

17. The parties have entered into a number of warehousing agreements. These include an agreement executed on or about April 19, 2020 entitled "Warehousing Service Agent Agreement" (hereinafter the "2020 Warehouse Agreement"). A true and correct copy of the executed 2020 Warehouse Agreement is attached hereto as **Exhibit A**. An agreement executed on or about April 204, 2021 entitled "Warehousing Service Agreement." (hereinafter the "2021 Warehouse Agreement"). A true and correct copy of the executed 2021 Warehouse Agreement is attached hereto as **Exhibit B**. An agreement executed on or about April 14, 2022 entitled "Warehousing Service Agreement." (hereinafter the "2022 Warehouse Agreement"). A true and correct copy of the executed 2022 Warehouse Agreement is attached hereto as **Exhibit C**. Exhibits A-C are incorporated herein as though fully set forth.

18. The parties had coordinated with each other and performed uninterrupted services on behalf of Plaintiffs' Chinese customers until recently. Starting on or about mid-November 2022, Defendant Sharepac and Defendant Xu Brothers, without warning or notice, stopped responding to phone calls, emails, or text messages from Plaintiff, and stopped following Plaintiff's instructions.

19. On November 23, 2022, Thomas S. Carter, representing Defendant Sharepac, issued a notice (hereinafter the "November Notice") to Plaintiff stating

that goods left at the Ontario Warehouse must be collected between November 29, 2022 and December 1, 2022 (hereinafter "Detained Goods"). A true and correct copy of the November Notice letter is attached hereto as **Exhibit D**, and incorporated herein as though fully set forth.

20. Plaintiff sent truck drivers to the Ontario Warehouse on November 29th and November 30th to receive and move the goods. However, on both days, Sharepac demanded over $500,000 payment from Plaintiff when Plaintiff's representative arrived at the Ontario Warehouse, and refused to release the Detained Goods without payment.

21. On December 5, 2022, Plaintiff's representative Bowen Luo sent a formal demand letter (hereinafter the "December 5 Letter") to Defendant Sharepac's counsel requesting the immediate release of the Detained Goods in the Ontario Warehouse, noting that over 18,000 pieces of goods were missing and presumably detained. The letter demanded that Defendant Sharepac respond by December 7, 2022. A true and correct copy of the December 5 Letter is attached hereto as **Exhibit E**, and incorporated herein as though fully set forth.

22. On December 12, 2022, five (5) days after the deadline to respond to the December 5 Letter, Mr. Thomas Carter issued a letter response (hereinafter the "December 12 Letter"). The December 12 Letter raised numerous complaints relating to unpaid charges and fees, and demanded a payment of over $700,000 for Defendant Sharepac to release the Detained Goods. A true and correct copy of

the December 12 Letter is attached hereto as **Exhibit F**, and incorporated herein as though fully set forth. These charges and fees were never mentioned to Plaintiff, nor were they noted in the warehouse invoices the Defendant Sharepac issued in the past.

23. On December 16, 2022, Plaintiff, through Hua Chen as counsel, issued a letter response to the December 12 Letter (hereinafter the "December 16 Letter"). The December 16 Letter noted that Defendant Sharepac's allegations were erroneous. The letter demanded the immediate release of all Detained Goods. A true and correct copy of the December 16 Letter, without its enclosures, is attached hereto as **Exhibit G**. The letter including its enclosures is incorporated herein as though fully set forth.

24. On December 19, 2022, Mr. Thomas Carter responded to the December 16 Letter refusing to release the goods within the time period requested (hereinafter the "December 19 Letter"). The December 19 Letter did not provide any substantive response to the December 16 Letter. The December 19 Letter did not commit to a timetable for Defendants to release the Detained Goods. A true and correct copy of the December 19 Letter is attached hereto as **Exhibit H**, and incorporated herein as though fully set forth. The December 19 Letter stated that Defendant will provide a full substantive response by December 23, 2022. Plaintiff has not received any response. The matter remains unresolved to date.

25. Defendants' refusal to release the goods has resulted in lost sales for Plaintiff's customers during a busy holiday shopping season. This loss is not recoverable and jeopardizes Plaintiff's continued relationship with its customers. The harm is ongoing as each day the goods remain in the warehouse is lost sales by Plaintiff's customers and harm to Plaintiff.

26. Plaintiff is informed and believes and thereon alleges that Defendant has already sold some of the Detained Goods and will keep the proceeds from such sale without Plaintiff or Plaintiff's customer's consent or permission, even though Defendant has no lien, right, title, or interest in the Detained Goods, and has no authority to sell the goods. Plaintiff is informed and believes and thereon alleges that Defendant has also transferred the Detained Goods to new locations.

27. Defendant has no lien or lienholder rights on the Detained Goods as there is no written agreement creating or allowing a lien as required by California Commercial Code §§ 7202 and/or 7209.

### COUNT ONE
### Recovery of Possession of Personal Property
### (As against All Defendants)

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 hereinabove, and incorporates them by this reference as if fully set forth herein.

29. At all times herein mentioned, Plaintiff was, and still is, the bailor of the Detained Goods and authorized agent of the goods owners. Defendant

Sharepac is the bailee and is currently in possession of the Detained Goods. Therefore, Plaintiff has, and at all times herein relevant, had, an immediate and superior right to the possession of the Detained Goods which, based on information and belief, has been relocated from the Ontario Warehouse.

30. Plaintiff is informed and believes and based thereon alleges that Defendants are currently in possession of up to 18,000 pieces of goods or sales proceeds thereof.

31. Plaintiff has demanded possession of the Detained Goods numerous times, but Defendants have continually retained the goods and refused to return the Detained Goods. Thus, Defendants have wrongfully interfered with Plaintiff's legal rights by knowingly and intentionally preventing Plaintiff from having access to the Detained Goods and refusing to return them after Plaintiff demanded they be returned.

32. Plaintiff is entitled to the immediate possession of the Detained Goods and therefore seeks an Order from this Court, stating that Plaintiff is entitled to immediate possession of the Detained Goods and directing the Clerk of the Court to issue a writ of possession in favor of Plaintiff and against Defendants. Plaintiff is also entitled to other injunctive relief, including, without limitation, an Order restraining Defendants from interfering with, transferring, selling, assigning, hypothecating, or otherwise disposing of the Detained Goods.

33. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered damages, including, without limitation, liability to its customers for loss of sale of the Detained Goods, and the costs and attorney's fees incurred in recovery of the Detained Goods, in excess of $75,000, plus interest thereon at the rate of 10% per annum, in an amount subject to proof.

34. Plaintiff is informed and believes and on that basis alleges that the aforementioned Defendants engaged in the above-described wrongful conduct with the intent to deprive Plaintiff and Plaintiff's customers of their property rights and interests, and to otherwise cause injury to Plaintiff and Plaintiff's customers. Defendants have acted with wanton and malicious motives and with reckless disregard for Plaintiff's rights, and with the purpose to cause Plaintiff great hardship and oppression, thus justifying an award of exemplary and punitive damages which Plaintiff requests herein, in the amount according to proof at the time of trial.

## COUNT TWO
### Conversion
### (As against All Defendants)

35. Plaintiff incorporates by reference Paragraphs 1 to 34, inclusive of this Complaint and makes them a part hereof as if fully set forth herein.

36. At all times herein mentioned, Plaintiff was, and still is, the bailor of the goods, and authorized agent of the goods by the owners. Defendant Sharepac is the bailee and is currently in possession of the Detained Goods. Therefore,

Plaintiff has, and at all times herein relevant, had, an immediate and superior right to the possession of the Detained Goods which, based on information and belief, has been relocated from the Ontario Warehouse.

37. Plaintiff is informed and believes and on that basis alleges that Defendants are currently in possession of at least 18,000 pieces of goods or sales proceeds thereof.

38. Plaintiff has demanded possession of the Detained Goods numerous times, but Defendants have continually retained the goods and refused to return the Detained Goods. Thus, Defendants have wrongfully interfered with Plaintiff's legal rights by knowingly and intentionally preventing Plaintiff from having access to the Detained Goods and refusing to return them after Plaintiff demanded they be returned.

39. Plaintiff is entitled to the immediate possession of the Detained Goods and therefore seeks an Order from this Court, stating that Plaintiff is entitled to immediate possession of the Detained Goods and directing the Clerk of the Court to issue a writ of possession in favor of Plaintiff and against Defendants. Plaintiff is also entitled to other injunctive relief, including, without limitation, an Order restraining Defendants from interfering with, transferring, selling, assigning, hypothecating, or otherwise disposing of the Detained Goods.

40. Plaintiff was and continued to be substantially harmed by Defendants' actions.

41. Plaintiff is informed and believes and on that basis alleges that the aforementioned Defendant engaged in the above-described wrongful conduct with the intent to deprive Plaintiff of its rights and interests, and to otherwise cause injury to Plaintiff. Defendant has acted with wanton and malicious motives and with reckless disregard for Plaintiff's rights, and with the purpose to cause Plaintiff great hardship and oppression, subjecting Plaintiff to such hardship, thus justifying an award of exemplary and punitive damages which Plaintiff requests herein, in the amount according to proof at the time of trial.

## COUNT THREE
### Breach of Fiduciary Duties
### (As against All Defendants)

42. Plaintiff incorporates by reference Paragraphs 1 to 41, inclusive of this Complaint and makes them a part hereof as if fully set forth herein.

43. As the bailee of goods deposited by Plaintiff, Defendant Sharepac owed a fiduciary duty to Plaintiff.

44. Plaintiff is informed and believes and on that basis alleges alleges that Defendant violated and breached its fiduciary duty of good faith, fair dealing, loyalty, and care by the actions described above, including the continued unreasonable and unlawful detention of Plaintiff's goods.

45. As a direct, proximate, and foreseeable result of these actions by Defendant Sharepac, Plaintiff sustained, continues to sustain, and will sustain further damages.

46. Defendant's actions were a substantial factor in causing damage to Plaintiff.

47. Plaintiff is informed and believes and on that basis alleges that the aforementioned Defendant engaged in the above-described wrongful conduct with the intent to deprive Plaintiff of its rights and interests, and to otherwise cause injury to Plaintiff. Defendant has acted with wanton and malicious motives and with reckless disregard for Plaintiff's rights, and with the purpose to cause Plaintiff great hardship and oppression, subjecting Plaintiff to such hardship, thus justifying an award of exemplary and punitive damages which Plaintiff requests herein, in the amount according to proof at the time of trial.

## COUNT FOUR
## Breach of Contract
## (As against All Defendants)

48. Plaintiff incorporates by reference Paragraphs 1 to 47, inclusive of this Complaint and makes them a part hereof as if fully set forth herein.

49. Plaintiff entered into a written and signed contract with Defendant Sharepac whereby Defendant Sharepac would act as Plaintiff's subcontractor to provide warehouse services for Plaintiff's customers. Plaintiff emailed and inquired about Defendants' services in November 2022. Defendants have not replied to the inquiry nor otherwise performed the requested services.

50. Defendant Sharepac has breached the 2022 Agreement with respect to its service obligations.

51. Plaintiff has demanded possession of the Detained Goods numerous times, but Defendants have continually retained the goods and refused to return the Detained Goods. Defendants are in material breach of the 2020 Agreement due to the unreasonable detainment of the goods.

52. At all times relevant to this Complaint, Plaintiff complied with and performed the obligations required of it under the agreement with Defendant Sharepac, except those conditions, covenants, and promises which it was prevented or excused from performing.

53. As a direct, proximate, and foreseeable result of Defendants' breach, Plaintiff suffered and continues to suffer damages in an amount to be proven at trial.

## COUNT FIVE
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (As against All Defendants)

54. Plaintiff incorporates by reference Paragraphs 1 to 53, inclusive of this Complaint and makes them a part hereof as if fully set forth herein.

55. Plaintiff entered into a written and signed contract with Defendant Sharepac whereby Defendant Sharepac would act as Plaintiff's subcontractor to provide warehouse services for Plaintiff's customers. Plaintiff emailed and inquired about Defendants' services in November 2022. Defendants have not replied to the inquiry nor otherwise performed the requested services.

56. At all times relevant to this Complaint, Plaintiff complied with and performed the obligations required of it under the agreement with Defendant Sharepac, except those conditions, covenants, and promises which it was prevented or excused from performing.

57. Plaintiff has demanded possession of the Detained Goods numerous times, but Defendants have continually retained the goods and refused to return the Detained Goods. Defendants thus breached the covenant of good faith and fair dealing governing the parties' agreements.

58. As a direct, proximate, and foreseeable result of Sharepac's breach, Plaintiff suffered and continues to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zhejiang Ningbo M&C Supply Chain Management Co., LTD. prays for judgment against Defendants, and each of them, as follows:

On each and all Counts:

1. For a temporary protective order preventing Defendants from transferring, assigning, selling, hypothecating, moving, or otherwise disposing of any of the Plaintiff's property or goods.

2. For Plaintiff's possession of the property;

3. For Defendants' prompt return of all Plaintiff's property;

4. For damages in an amount to be proven at trial;

5. For interest in the amount according to proof, which shall continue to accrue;

6. For punitive damages;

7. For temporary, preliminary, and permanent injunctive relief as necessary to protect plaintiff's rights.

8. For reasonable attorney's fees as allowed by contract or law, according to proof;

9. For costs of suit incurred; and

10. For such other and further relief, the Court may deem appropriate.

Dated:   January 31, 2023          Respectfully submitted,

                                        SCIENBIZIP, P.C.

                                        By:   /s/  *Hua Chen*

                                        Hua Chen
                                        Attorney for Plaintiff
                                        Zhejiang Ningbo M&C Supply Chain
                                        Management Co., LTD.

# DEMAND FOR TRIAL BY JURY

Plaintiff Zhejiang Ningbo M&C Supply Chain Management Co., LTD. pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands trial by jury of all issues so triable in the present action.

Dated:   January 31, 2023         Respectfully submitted,

SCIENBIZIP, P.C.

By:  /s/ *Hua Chen*

Hua Chen
Attorney for Plaintiff
Zhejiang Ningbo M&C Supply Chain Management Co., LTD.

# VERIFICATION

**I, Jianfang Shi, declare as follows:**

1. I am the Chief Executive Officer of Plaintiff Zhejiang Ningbo M&C Supply Chain Management Co., LTD. in this action.

2. I have read the foregoing complaint and know its contents. The matter stated in the foregoing complaint are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in <u>Ningbo, China</u> on <u>Jan 29</u>, 2023

*/s/ Jianfang Shi*